McGUIRE v. AUTOCAR SALES CO. et al.

(Supreme Court, Appellate Division, Second Department. April 4, 1912.)

MASTER AND SERVANT (§ 301*)—EXISTENCE OF RELATIONSHIP—NEGLIGENCE OF SERVANT—MASTER'S LIABILITY.

    A company engaged in selling automobile trucks sent out one of its drivers to demonstrate the use of a truck to a prospective buyer, a dry goods firm, by delivering articles for it to its customers, and an employé of the firm went along to instruct the driver where to go. The driver negligently ran into a pedestrian. *Held*, that the driver was, at the time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of the injury, a servant of the selling company, and that such company, and not the dry goods firm, was liable for the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

Appeal from Trial Term, Kings County.

Action by James McGuire against the Autocar Sales Company and another. From judgment for plaintiff, and order denying motion for new trial, the Autocar Sales Company appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Benjamin C. Loder (William B. Davis, on the brief), for appellant. Wm. E. Buckley, for respondent.

CARR, J. The defendant appeals from a judgment entered against it on the verdict of a jury, in an action brought to recover damages for personal injuries. Plaintiff was injured while standing on a public highway in the borough of Brooklyn on May 18, 1909. He was run down by an auto truck owned by the defendant the Autocar Sales Company, and while it was being operated by a driver who was in the general employment of said defendant. No question is raised on this appeal as to the negligence of the manner of operation of the auto truck at the time of the accident. The established facts are as follows:

The defendant appellant was in the business of selling auto trucks. As a part of its business it kept drivers, who operated such trucks for the purpose of demonstrating their effectiveness to intending purchasers. There were negotiations pending between it and a large dry goods firm known as Greenhut & Co., relative to the purchase of some of said trucks. Greenhut & Co. had some question as to the effectiveness of the use of such trucks for the delivery part of their business. This defendant appellant offered to demonstrate by one of its trucks its general effectiveness for the business of Greenhut & Co. The auto truck in question was sent by the orders of the defendant appellant to Greenhut & Co.'s store, and was laden with various packages to be delivered to the customers of the dry goods house. One of the employés of the dry goods firm went along on the auto truck and gave instructions as to the direction in which it should be driven and as to the houses at which it should stop. The actual operation of the machine was at all times under the personal control of the driver, who was in the general employment of the defendant appellant. As the truck was turning a corner, it was so negligently operated that it came into contact with the plaintiff and injured him while he was lawfully on a public highway. At the close of the case the complaint was dismissed as to the defendant Greenhut & Co., and the question of the negligence of the defendant appellant was submitted to the jury, which rendered a verdict in favor of the plaintiff in the sum of $2,200.

The defendant appellant contends that, by the aforesaid arrangement between it and Greenhut & Co., it had transferred to the pos-

session and use of said Greenhut & Co. the auto truck and the services of the driver, and that said driver while partaking in the delivery of the packages of the dry goods house was ad hoc a servant of Greenhut & Co., and not a servant of the defendant appellant. Many cases are cited by the appellant on this complicated question of servantship ad hoc, but I think none of them are applicable to this precise situation. It is quite true that the operator of the auto truck was engaged in the work of participating in the delivery of various packages of Greenhut & Co. at the time of the accident. While in one sense he was doing this work for Greenhut & Co., yet the doing of this work was but incidental to a larger work which he was doing for the defendant appellant, and which was the main purpose of his operating the machine; that is to say, he was demonstrating by actual experience on behalf of the defendant appellant the effectiveness of its auto truck, for the purpose of inducing, for the benefit of his general employer, the purchase either of that truck or other trucks by Greenhut & Co. from his general employer. It seems to me unquestionable that during every part of this performance he was primarily and particularly the servant and agent of his general employer. To hold otherwise, it would follow that every time one takes passage in a motor car when it is under demonstration for the purpose of inducing a sale and purchase, he shall become liable for the negligent operation of the car by the driver furnished by the intending vendor. This would be going entirely too far.

The judgment and order should be affirmed, with costs. All concur.